**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BONNETE CONSULTING INC., d/b/a BCI, a Texas corporation,<br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

**COMPLAINT**

Plaintiff San Antonio Winery, Inc. hereby submits this Complaint against Defendant Bonnete Consulting Inc., in support of which Plaintiff alleges as follows:

## I.　NATURE OF THE ACTION

1.　This is an action for damages and injunctive relief due to the Defendant's infringement of Plaintiff San Antonio Winery's ("San Antonio" or "Plaintiff") trademark rights in and to the mark ROSA 22. Plaintiff is a one-hundred-year-old family-owned corporation that is engaged in, among other things, the production, sale, and international distribution of wines and other alcoholic beverages, including brandy, and also restaurant and bar services. Defendant Bonnete Consulting Inc., ("Defendant" or "BCI") uses the trademark ROSA 32 to offer for sale and sell wine in the United States.

## II.　THE PARTIES

2.　San Antonio is a corporation duly organized and existing under the laws of the State of California and has its principal place of business within the City and County of Los Angeles in

the State of California. San Antonio is the owner of the mark ROSA 22, which is the subject of U.S. Trademark Registration Nos. 7,925,058 and 5,582,522, for use in connection with alcoholic beverages, namely, digestifs. These registrations are in International Class 33, the U.S. Trademark Office class for alcoholic beverages.

3.      According to the Texas Secretary of State records and the U.S. Department of the Treasury Alcohol and Tobacco Tax Trade Bureau, BCI is a Texas corporation having an address of 551 Rancho Bauer Drive, Houston, Texas 77079.

### III.    JURISDICTION AND VENUE

4.      The Court has original jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051, et seq.  This Court also has original jurisdiction over this action under 15 U.S.C. § 1338(b) in that it asserts a claim for unfair competition that is joined with a substantial and related trademark claim.  This Court has supplemental jurisdiction over the non-federal claims set forth herein under 28 U.S.C. § 1367 in that those claims are so related to the federal claims that they form part of the same case or controversy. This Court also has diversity jurisdiction in that the matter in controversy, namely San Antonio's trademark rights, exceeds the value of $75,000, excluding interest and costs, and the citizenship between the plaintiff and defendants are of different States.

5.      This Court has personal jurisdiction over Defendant BCI in that it is a Texas corporation with a principal place of business in Houston, Texas.

6.      Venue as to Defendant BCI  is proper in this Court under 28 U.S.C. §§ 1391(b)(2), (c)(2), and (d) in that BCI is incorporated under the laws of the State of Texas with a place of business in this judicial district such that a substantial part of the events and omissions giving rise to these claims occurred in this judicial district.

COMPLAINT--PAGE 2

## IV.    FACTUAL BACKGROUND

### San Antonio and ROSA 22

7.    In 1917, Santo Cambianica founded San Antonio Winery in Downtown Los Angeles on Lamar Street, and dedicated it to his Patron Saint Anthony ("San Antonio" in Italian). Since that time the winery persevered through prohibition, the Great Depression, and World War II to become one of the most awarded wineries in California with four generations of family contributing to the company's success including, being honored as the American Winery of the Year in 2018 by Wine Enthusiast. Its wines have won numerous wine competition awards. Some of its estate wines are San Simeon®, Opaque®, Maddalena® and Bodega de San Antonio®. Its most famous wine brand is STELLA ROSA®.

8.    San Antonio wines are sold throughout the United States and foreign countries. In Texas, San Antonio's distributor is Republic National Distributing Company. Sales of San Antonio wine to retailers in Texas from 2020-2023 were in excess of $250,000,000; yes, in excess of a quarter of a billion dollars! Among the retailers selling San Antonio wine in Texas are big box retailers like Target, Walmart, and Costco, to grocery stores such as H.E. Butt (H-E-B) and Kroger, and alcohol specialty retailers such as Total Wine, South Lamar Wine and Spirits, Royalty's Wine and Liquor.

9.    In the early 2000's San Antonio discovered an unmet need in the wine market. Not all consumers had a palette for traditional red and white wines. People wanted something sweeter, with less alcohol and not as heavy as a Chardonnay or Merlot. The introduction of Stella Rosa® wine created a new market to satisfy this need which has been hugely successful.

10.    STELLA ROSA has consistently been a number one imported wine in the United States and has sold hundreds of millions of bottles. STELLA ROSA is a famous mark. See

**COMPLAINT--PAGE 3**

https://stellarosa.com/



11.    One of the alcoholic drinks in the STELLA ROSA collection is called ROSA 22. ROSA 22 was launched in 2017.  An image of the bottle is shown below.



ROSA 22 is the subject of U.S. Registration No. 7925058 for use in connection with alcoholic beverages, namely digestifs, which issued as a registration on September 2, 2025. San Antonio also owns U.S. Registration No. 5582522 for the same mark hereinafter referred to as the "Rosa 22 Mark". True and correct copies of San Antonio's trademark registrations are attached as **Exhibit "A"**.

12.    The Rosa 22 Mark and the registration therefor constitutes prima facie evidence of the validity of the Rosa 22 Mark, of San Antonio's ownership of the Rosa 22 Mark, and of San Antonio's right to use the mark in connection with the goods specified in those registrations and in connection with related goods and services.

COMPLAINT--PAGE 4

13.     San Antonio uses the ROSA 22 Mark to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the marks on its products, on its Internet websites and on advertising materials promoting its goods.

14.     The presence of the Rosa 22 Mark on San Antonio's goods indicates to the public that goods provided under the Rosa 22 Mark originate with, or are provided by, San Antonio. San Antonio adheres to strict quality standards in the manufacture of its wines. Thus, the consuming public has come to associate the Rosa 22 Mark with wines and other goods of high quality. As a consequence of all of the foregoing, the San Antonio Rosa 22 Mark has attained considerable value and the goodwill associated with it represents a valuable business asset.

15.     For clarity, San Antonio does not object to uses of ROSA. San Antonio objects to the combination of ROSA and 32 or ROSA and any other number that is confusingly similar for alcoholic beverages and related goods and services.

**Defendant's Infringing Activity**

16.     Upon information and belief, Defendant BCI has imported and sold goods in the United States, including wines under the name ROSA 22.

17.     Defendant BCI's website located at promotes and provides information about ROSA 32 as shown below. See https://www.bonnete.com/rosa-32



18. The website also provides marketing materials such as a Fact Sheet about the wine attached as **Exhibit "B"** which claims to own the website www.rosa32.com.

19. The company also uses ROSA 32 on its social media including its Instagram page as shown below.



20.     The Alcohol and Tobacco Tax and Trade Bureau (TTB) implements and enforces a broad range of statutory and compliance provisions to ensure that alcohol products are created, labeled, and marketed in accordance with Federal laws and regulations.  Alcohol producers must apply for Certification/Exemption of Label/Bottle Approval (COLA) and follow the labeling regulations.

21.     The TTB records indicate Defendant BCI applied for COLA approval for the wine including the rear label shown below.



22.     Of note, is the wine packaging does have has the "brand name" ROSA 32 according to the application. Attached as **Exhibit "C"** is a true and correct record of the application from the TTB for the label approval in 2026.

23.     According to retailers ROSA 32 is also used for white and red wines, thus ROSA is not being used descriptively.



https://specsonline.com/search-results/?q=rosa%2032

24.     On or about February 20, 2026, Plaintiff, through counsel, notified BCI of Plaintiff's rights, its concerns regarding the use of ROSA 22, and inquired as to why BCI would think it has a right to use ROSA 32 in light of Plaintiff's federally registered trademark rights. Instead of responding to the letter BCI elected to completely ignore Plaintiff's letter and request. Thus, the infringement is willful.

25.     On information and belief, the Defendant was well-aware of San Antonio's rights in and to the STELLA ROSA brand, the fame of that brand and the ROSA 22 Mark, and the financial success it has generated for Plaintiff San Antonio, such thatDefendant's ROSA 32 name was adopted to intentionally and willfully trade on the goodwill created by ROSA 22.

26.     The ROSA 32 name is confusingly similar to ROSA 22 and it is used in connection with identical goods. Thus, Defendant is infringing the Stella Rosa Marks because of its importation of, offer to sell, and sales of wine with the ROSA 32 name on the label. By reason of Defendant's acts, as alleged herein, San Antonio Winery has suffered damage to its business, reputation, and goodwill.

27.     Defendant's acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendant is restrained by this Court from continuing its unauthorized use of ROSA 32, these injuries will continue to occur.

## V.     CAUSES OF ACTION

### Count I

### (For Trademark Infringement – 15 U.S.C. § 1114(1))

28.     Plaintiff San Antonio hereby incorporates by reference the allegations of the previous paragraphs of this Complaint.

29.     The San Antonio Rosa 22 Mark is owned by San Antonio and San Antonio has continuously used the mark ROSA 22 in connection with wine in commerce since at least as early as 2017.  San Antonio has never authorized or consented to Defendant's use of any mark including ROSA 32 which is the same as or constitutes a colorable imitation of the San Antonio Rosa 22 Mark in commerce in connection with its products.

30.     Defendant's actions, as alleged above, are likely to cause confusion, mistake, or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C.  § 1114(1).

31.     Defendant's acts have been undertaken to cause confusion, mistake, and deception among members of the relevant public and to trade on the goodwill associated with the San Antonio Rosa 22 Mark.

### Count II

### (For False Designation of Origin – 15 U.S.C.  §1125(a))

32.     Plaintiff San Antonio hereby incorporates by reference the allegations of the

COMPLAINT--PAGE 9

previous paragraphs of this Complaint.

33.     The San Antonio Rosa 22 Mark is owned by San Antonio and San Antonio has continuously used it in commerce for many years.  San Antonio has not authorized or consented to Defendant's use of the Rosa 22 Mark or of any similar marks or names in connection with its products or services.

34.     Defendant's actions, as alleged above, are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant with San Antonio, or as to the origin, sponsorship, or approval of Defendant's products or services by San Antonio in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     Defendant's acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendant is restrained by this Court from continuing its unauthorized use of the Rosa 22 Mark these injuries will continue to occur.

## Count III

## (Common Law Trademark Infringement)

36.     Plaintiff San Antonio hereby incorporates by reference the allegations of the previous paragraphs of this Complaint.

37.     On information and belief, the Defendant's actions, as described above, constitute conduct that is so careless as to indicate a wanton disregard for the intellectual property rights of San Antonio.  Further, the Defendant's acts, as alleged above, constitute trademark infringement in that they have been undertaken with a conscious disregard of San Antonio's intellectual property rights and with a desire to injure San Antonio's business and to improve its own.

## COUNT IV
### (Common Law Unfair Competition)

38.    Plaintiff San Antonio hereby incorporates by reference the allegations of the previous paragraphs of this Complaint.

39.    The above-described acts of Defendant constitutes common law unfair competition in that Defendant is attempting to pass off its goods and services as those of San Antonio.  Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendant is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

### VI.    PRAYER

WHEREFORE, Plaintiff San Antonio seeks judgment and relief against Defendant BCI, including:

(a) For an order permanently enjoining Defendant and Defendant's officers, agents, employees and representatives, and all those acting in concert or conspiracy with them from:

   i.    Using any mark or designation that makes use of ROSA 22 or any permutation of that mark, whether alone or in combination with other words, characters, or symbols in connection with the sale, offer for sale, promotion, or advertising of alcoholic beverages, wine and non-alcoholized wine and related goods including but not limited to ROSA 32;

   ii.    Instructing or directing any third parties to prepare print advertising, flyers, containers, labels, or packaging bearing ROSA 32 or any permutation of ROSA 22, whether alone or in combination with other words, characters or

symbols for use in connection with the sale, offer for sale, promotion or advertising of alcoholic beverages, wine and non-alcoholized wine and related goods;

(b) Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the Rosa 22 Mark;

(c) For an order directing the Defendant to deliver up for destruction all menus, products, labels, boxes, signs, prints, packages, wrappers, and artwork in its possession, or under its control, bearing or intended to bear ROSA 32 or any permutation of that term, whether alone or in combination with other words, characters or symbols;

(d) For a monetary award in favor of San Antonio in an amount equal to (i) San Antonio's actual damages and (ii) to the extent not included in actual damages, the Defendant's profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

(e) For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

(f) For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

(g) For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law;

(h)     For costs of suit; and

(i)     Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## VII.    JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated: April 7, 2026                                      Respectfully submitted,

*/s/ Mark D. Nielsen*
Mark D. Nielsen
Texas Bar No. 24062361
Scheef & Stone, LLP
2600 Network Blvd., Suite 400
Frisco, Texas  75034
Phone: (214) 472-2100
Fax:    (214) 472-2150
mark.nielsen@solidcounsel.com

*Of counsel*:

Jeffrey G. Sheldon
California Bar Number 67516
Katherine M. Bond
California Bar Number 263020
Cislo & Thomas LLP
12100 Wilshire Blvd., Ste. 1700
Los Angeles, CA 90025
(310) 979-9190
jsheldon@cislo.com
kbond@cislo.com

*Attorneys for Plaintiff*
*San Antonio Winery, Inc.*

COMPLAINT--PAGE 13